Filed 5/27/25  Rios v. Lazo CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALEJANDRO RIOS, | B340827 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 24STCV06891) |
| v. | |
| ANTHONY LAZO et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce G. Iwasaki, Judge.  Affirmed.

Alejandro Rios, in pro. per., for Plaintiff and Appellant.

The Justice Firm and Joseph Virgilio; The Milner Firm and Timothy V. Milner, for Defendants and Respondents.

————————

Plaintiff Alejandro Rios appeals from a judgment entered in favor of defendants Anthony and Yvette Lazo following their successful special motion to strike plaintiff's complaint for defamation pursuant to the anti-SLAPP statute,[1] Code of Civil Procedure section 425.16.  Since plaintiff failed to furnish this court with an adequate record or provide any citation to the record in his briefing, we cannot properly evaluate plaintiff's claims of error and thus must affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2024, plaintiff filed a complaint alleging two causes of action for defamation against defendants for statements they allegedly made that caused Lyft to terminate his employment.[2]  Defendants filed a special motion to strike plaintiff's complaint (anti-SLAPP motion) pursuant to Code of Civil Procedure section 425.16.  Plaintiff opposed the anti-SLAPP motion and also filed a motion requesting leave to amend his complaint.

In June 2024, the court granted defendants' anti-SLAPP motion.  As to the first prong of the anti-SLAPP analysis— whether plaintiff's claims arose out of defendants' protected activity—the court wrote:  "The Complaint's allegations are convoluted.  Despite their near unintelligibility, the allegations

---

[1]　　"SLAPP" is an acronym for "so-called strategic lawsuits against public participation."  (*FilmOn.com Inc. v. DoubleVerify Inc.* (2019) 7 Cal.5th 133, 139.)

[2]　　Plaintiff's complaint is not included in the record.  We glean these causes of action from the trial court's statement of decision.

2

are sufficiently clear for the Court to find that Plaintiff's defamation claims are based on Defendants seeking a restraining order in the San Bernardino Superior Court, case number CIVSB2320392, in an effort to stop 'inappropriate text messages' that Defendants claim Plaintiff was sending.  (Compl., ¶¶ 24, 36.)  The Complaint further alleges that Defendants' accusations were false and caused damage to Plaintiff."  The court concluded, "Here, the alleged defamatory statements were made for the purposes of litigation as they were specifically made to the court to obtain a restraining order and, thus, clearly satisfy Code of Civil Procedure section 425.16, subdivision (e)(2)."

The court then addressed the second prong, plaintiff's probability of success on the merits.  The court found that plaintiff failed to rebut defendants' argument that all of the complaint's alleged defamatory statements were protected by the litigation privilege and thus plaintiff failed to meet his burden of showing his claims had minimal merit.  Based on the foregoing, the court granted the anti-SLAPP motion.  The court also took plaintiff's motion for leave to amend the complaint off calendar, citing *Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073, and stating that plaintiff "may not frustrate the hearing of the anti-SLAPP motion by amending the complaint."

In August 2024, the court entered judgment in favor of defendants and against plaintiff.  Plaintiff appealed.

## DISCUSSION

Plaintiff urges the trial court erred in granting the anti-SLAPP motion, raising arguments that the speech at issue was not protected activity and the litigation privilege did not apply due to malice. He also argues the court erred in denying him leave to amend. However, we are unable to review the substance of his arguments for reasons explained below.

The analysis of an anti-SLAPP motion involves two steps that revolve around analyzing the plaintiff's complaint. "Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).) Courts "consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Id.* at p. 1063.) If the defendant carries its burden to demonstrate that the plaintiff's claims arise from protected activity, the plaintiff must then demonstrate its claims have at least " 'minimal merit.' " (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884.) To do so, "plaintiff must show the complaint is legally sufficient and ' " 'supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' " ' " (*Taheri Law Group v. Evans* (2008) 160 Cal.App.4th 482, 488.) Our review of an appeal from an order granting an anti-SLAPP motion is de novo. (*Park*, at p. 1067.)

However, on the record before us, we cannot evaluate plaintiff's claims of error within this two-step anti-SLAPP framework because plaintiff failed to furnish this court with his complaint. (See *Martinez v. Metabolife Internat., Inc.* (2003) 113

4

Cal.App.4th 181, 188 ["the *principal thrust* or *gravamen* of the plaintiff's cause of action . . . determines whether the anti-SLAPP statute applies"].)  Despite defendants pointing this out in their respondents' brief on appeal, plaintiff has not attempted to augment the record or address their argument in any way.

"Under well-established rules of appellate procedure, . . . the appellant . . . has the burden to provide an adequate record on appeal and to affirmatively show error." (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 622; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 ["It is the appellant's affirmative duty to show error by an adequate record."].)  " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the] appellant.  [Citation.]'  [Citation.]  This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 (*Hotels Nevada*); *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434, fn. 9 ["if the record on appeal does not contain all of the documents or other evidence considered by the trial court, a reviewing court will 'decline to find error on a silent record' "].)

In addition to the inadequacy of the appellate record, plaintiff fails to cite the record that he has designated on appeal anywhere in his opening or reply briefs.  California Rules of Court, rule 8.204 provides in relevant part that all appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).)  "If a party fails to support an argument with the necessary citations to

5

the record, that portion of the brief may be stricken and the argument deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; *Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230 [our " 'review is limited to issues which have been adequately raised and briefed' "].)

Because plaintiff has not provided an adequate record for appellate review of the anti-SLAPP motion or any citations to the record in his briefing, he has forfeited his challenge to the court's decision on that motion. (*Hotels Nevada, supra*, 203 Cal.App.4th at p. 348.)

Furthermore, to the extent plaintiff argues the court erred in denying him leave to amend, "the anti-SLAPP statute makes no provision for amending the complaint" when the court grants the motion to strike (*Simmons v. Allstate Ins. Co., supra,* 92 Cal.App.4th at p. 1073), and it is well established that "granting an anti-SLAPP motion with leave to amend is beyond the purview of the statute" (*Martin v. Inland Empire Utilities Agency* (2011) 198 Cal.App.4th 611, 626). We therefore affirm on all grounds.

## DISPOSITION

We affirm the judgment.  Defendants Anthony and Yvette Lazo are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



EGERTON, J.



ADAMS, J.

7